[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
In this case by writ, summons and complaint dated December 2, 1993 the plaintiff brought this action against the defendants. The writ, summons, and complaint contained a return date of December 28, 1993. The plaintiff returned the writ, summons, and complaint to the court on January 5, 1994.
The defendants have moved to dismiss citing Section52-46a which in relevant part says
 "Process in civil actions . . . shall be returned . . . if returnable to the superior court at least six days before the return date."
Thus the plaintiff was required to return the process CT Page 1771-J to court by December 22, 1993 but did not do so until almost two weeks later.
Section 52-46a has been held to be mandatory requiring dismissal of the action if its terms haven't been complied with, Rogozinski v. American Food Service EquipmentCorporation, 211 Conn. 431, 433 (1989). Where return of service is not timely the defect can't be cured by amendment according to Bergin v. Bergin, 3 Conn. App. 566,569 (1985), cf Safford v. Morris Metal Products Co.,99 Conn. 372, 377-378 (1923), Petzold v. Commissioner,39 Conn. Sup. 247, 249 (1984). Also see Arpaia v. Corrone,18 Conn. App. 539, 540 (1989).
The plaintiff objects to this motion by relying on Section 52-72(a) which provides:
 "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return date, or is for any other CT Page 1771-K reason defective, upon payment of costs taxable upon sustaining a plea in abatement."
He argues "a defect in the civil process on the basis of a late return to court is within the parameters of Section 52-72a and he should be allowed to file an amended process pursuant to subsection (b) of the statute.
Concepts Associates Ltd. v. Board of Tax Review,229 Conn. 618 (1994) was referred to in argument on this motion. In that case the plaintiff appealed to Superior Court from a tax assessment. The summons specified a Thursday as the return date instead of a Tuesday which is a violation of Section 52-48. The defendant filed a motion to dismiss. The Supreme Court overruled the Appellate Court decision and held that Section 52-72 permits the amendment of process to correct an improper return date and since no prejudice was claimed the case was remanded to the trial court with the direction to grant the amendment.
As pointed out in Concepts Associates, however, CT Page 1771-L Section 52-72 was apparently enacted in response to court decisions holding that an improper return date was a jurisdictional defect that couldn't be corrected. The legislation wanted to prevent loss of jurisdiction merely because of a defective return date, 229 Conn. at page 623.
Although the section allows amendment to civil process not only where there is a wrong return date but also provides for amendment of process which is "for any other reason defective" the point is that this latter language modifies or defines the scope of permissible amendment. That is, the statute provides for "a proper amendment to civil process." The statute for example was referred to inCorden v. Zoning Board of Appeals, 131 Conn. 654, 658
(1945) and in dicta the court said it could be used to permit the amendment of the actual process by allowing the plaintiffs to file a bond to prosecute the appeal. The appeal didn't reflect that a proper bond was filed.
Section 52-72, however, was aimed at defects in the actual process and not at defects in service of process or CT Page 1771-M failure to make proper return. Cf Stephenson, Civil Procedure, Vol I, § 35 page 139: "But it is not every defect in the process, service of process of return which can be cured by amendment." Simply put, failure to comply with the requirements of Section 52-46a cannot be cured by an "amendment to [the] civil process" (§ 52-72) in this case because there is nothing defective in the writ, summons, and complaint but the problem lies in the fact that process wasn't properly returned to court.
If the plaintiff's interpretation is adopted there is practically no limit short of due process considerations to a court's power to correct defects in service of process of failure to comply with rules on return of process.Concepts Associates does say § 52-72 must be liberally interpreted but I don't think I can amend its language. Perhaps prejudice should be the only test on whether to grant a motion of this type but the statutory language and case law don't permit sole use of that test at present.
The motion is granted. CT Page 1771-N