[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #120
FACTS
The plaintiffs, Edward A. Cantor and Bold Craft Engineering Corp., originally filed a complaint against Neeltran, Inc. (Neeltran) on September 25, 1996. On July 17, 1995, this court (Pickett, J.) granted Neeltran's motion to cite in party codefendants, Industrial Power Systems, Inc. (IPS) and Consolidated Electrical Distributors, Inc. (CED). The court order directed the plaintiff to serve IPS and CED before August 17, 1995. The plaintiffs did not properly serve CED until December 7, 1995.
On January 5, 1996, CED filed a motion to dismiss the action against it for lack of personal jurisdiction because the process was not served until several months after the August 17, 1995 return date. In response, codefendant Neeltran filed an objection to the motion to dismiss. Thereafter, on November 12, 1996, the plaintiffs filed a supplemental objection and a motion to allow amendment of process pursuant to General Statutes § 52-72. In response, CED filed a reply to plaintiffs' supplemental objection.
"A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. CommissionHospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989). The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "The moving party has the burden of proof on a motion to dismiss on failure to properly commence the action, and may CT Page 6469 either rely on the court record or introduce evidence at a hearing." Mills v. Conn. Light Power Company, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 030813 (December 5, 1990, Fuller, J.).
General Statutes § 52-46a states in relevant part that "[p]rocess in civil actions . . . shall be returned . . . to the clerk of [the superior court] at least six days before the return day." "This statute is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceedings voidable and subject to abatement." (Citation omitted.) Rogozinski v. American Food Service Equipment Corp.,211 Conn. 431, 433, 559 A.2d 1110 (1989).
The plaintiffs object to the motion to dismiss relying on the Supreme Court's decision in Concept Associates, Ltd. v. Board ofTax Review, 229 Conn. 618, 619-20, 642 A.2d 1186 (1994). The Supreme Court held that § 52-72 permits the amendment of an improper return date in civil process after the return date has passed. In that case the plaintiff appealed to Superior Court from a tax assessment. The summons specified a Thursday as the return date instead of a Tuesday which is a violation of General Statutes § 52-48. The defendant filed a motion to dismiss. The plaintiff filed a motion to amend pursuant to § 52-72
because the correct date had already passed. The Supreme Court overruled the Appellate Court and allowed the amendment of process to correct the improper return date.
The Court noted that § 52-72 was apparently enacted in response to decisions of this court holding that an improper return date was a jurisdiction defect that could not be corrected. Concept Associates, Ltd. v. Board of Tax Review,
supra, 229 Conn. 623. It stated "that the purpose of § 52-72
is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction." (Internal quotations omitted.) Id. "The apparent intent of the legislature in enacting §52-72 was to prevent the loss of jurisdiction merely because of a defective return date." Id.
Plaintiffs reliance on Concept Associates is misplaced. That case dealt with defective process and not with the failure to serve and return process in accordance with § 52-46a.
Section 52-72 (a) provides that "[a]ny court shall allow a proper amendment to civil process which has been returnable to CT Page 6470 the wrong return day or is for any other reason defective . . ." "Although the section allows amendment to civil process not only where there is a wrong return date but also provides for amendment of process which is `for any other reason defective' the point is that this latter language modifies of defines the scope of permissible amendment." Shelansky v. Roivisto, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533137 (February 27, 1995, Corradino, J.,13 Conn. L. Rptr. 532). "That is, the statute provides for `a proper amendment to civil process.'" Id. "Section 52-72 was aimed at defects in the actual process and not at defects in service of process or failure to make proper return." Id. "[F]ailure to comply with the requirements of § 52-46a cannot be cured by an amendment to the civil process (§ 52-72) in this case because there is nothing defective in the writ, summons and complaint but the problem lies in the fact that process wasn't properly returned to the court." Id.
For the foregoing reasons, CED's motion to dismiss is granted.
PICKETT, J.