CONCEPT ASSOCIATES, LTD. *v.* BOARD OF TAX REVIEW OF THE TOWN OF GUILFORD ET AL.
(14819)

PETERS, C. J., BORDEN, BERDON, KATZ and PALMER, Js.

Argued March 24—decision released June 14, 1994

*John K. Atticks III,* for the appellant (plaintiff).

*Judith A. Ravel,* with whom, on the brief, was *Jeffrey M. Donofrio,* for the appellees (defendants).

BERDON, J. The sole issue in this appeal is whether General Statutes § 52-72[1] permits the amendment of an improper return date in civil process after the return

---

[1] General Statutes § 52-72 provides in relevant part: "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.

"(b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form."

date has passed. We conclude that it does and therefore reverse the contrary judgment of the Appellate Court.

The following relevant facts are undisputed. On October 1, 1991, the plaintiff, Concept Associates, Ltd., was the owner of a parcel of land located in Guilford. The plaintiff appealed the 1991 assessment of that property to the defendant board of tax review of the town of Guilford (board).[2] On March 31, 1992, the board affirmed the challenged assessment. On May 6, 1992, pursuant to General Statutes § 12-117a,[3] the plaintiff appealed to the Superior Court. The plaintiff's summons specified as a return date May 28, 1992, a Thursday, rather than May 26, 1992, a Tuesday, in violation of General Statutes § 52-48.[4]

[2] The town of Guilford is also a defendant.

[3] General Statutes § 12-117a, as amended by No. 93-95, § 4, of the 1993 Public Acts, provides in relevant part: "Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb, any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, or October 1, 1994, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action."

[4] General Statutes § 52-48 provides in relevant part: "(a) Process in civil actions, including transfers and applications for relief or removal, but not including summary process actions, brought to the superior court may be made returnable on any Tuesday in any month. The return day in any summary process action may be any week day, Monday through Saturday, except a holiday.

"(b) All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held."

The plaintiff's tax appeal was served on the defendants on May 7, 1992, and was filed in the trial court on May 14, 1992. On May 28, 1992, the defendants filed an appearance in the trial court. On June 26, 1992, the defendants filed a motion to dismiss the appeal on the ground that the use of the defective return date in the summons deprived the court of jurisdiction. On July 2, 1992, the plaintiff filed a motion to amend pursuant to § 52-72 seeking permission to correct the return date from May 28, 1992, to May 26, 1992. On September 4, 1992, the trial court held that the return date could not be amended under § 52-72 because the correct date had already passed. The trial court granted the defendants' motion to dismiss for lack of jurisdiction and the plaintiff appealed to the Appellate Court.

The Appellate Court affirmed the judgment of the trial court dismissing the plaintiff's appeal. *Concept Associates, Ltd.* v. *Board of Tax Review,* 31 Conn. App. 793, 627 A.2d 471 (1993). The court held that "once the date for return has passed there is nothing before the court that can be amended." Id., 797. Therefore, "dismissal of the action for lack of subject matter jurisdiction was proper." Id. We granted the plaintiff's petition for certification[5] and now reverse.

The plaintiff claims that § 52-72 permits the amendment of process to correct an improper return date regardless of whether the correct return date has passed. This statute provides that "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day . . . upon sustaining a plea in abatement." The defendants

[5] Certification was granted, limited to the following issue: "Did the Appellate Court properly conclude that the trial court lacked subject matter jurisdiction because the plaintiff's motion to amend the return date, having been filed after the original return date, could not be granted pursuant to General Statutes § 52-72?" *Concept Associates, Ltd.* v. *Board of Tax Review,* 227 Conn. 913, 632 A.2d 689 (1993).

concede that the legislature has the power to authorize, by statute, the amendment of defects in process that would otherwise deprive the court of jurisdiction. They nevertheless claim that because the plaintiff did not seek to amend the return date until after the correct return date had passed, the amendment was not "a proper amendment" within the meaning of § 52-72. We disagree with the defendants' construction of the statute.[6]

" '[T]he fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the legislature.' (Internal quotation marks omitted.) *Warkentin* v. *Burns,* 223 Conn. 14, 20, 610 A.2d 1287 (1992)." *State* v. *Guckian,* 226 Conn. 191, 198, 627 A.2d 407 (1993); see also *State* v. *Johnson,* 227 Conn. 534, 541, 630 A.2d 1059 (1993); *All Brand Importers, Inc.* v. *Dept. of Liquor Control,* 213 Conn. 184, 194, 567 A.2d 1156 (1989). In determining the legislature's intent, "this court is to be guided by the language, purpose and legislative history of the statute in question." *Vanzant* v. *Hall,* 219 Conn. 674, 682, 594 A.2d 967 (1991); see also *Carothers* v. *Capozziello,* 215 Conn. 82, 120, 574 A.2d 1268 (1990); *Zichichi* v. *Middlesex Memorial Hospital,* 204 Conn. 399, 405, 528 A.2d 805 (1987). Furthermore, "in the absence of ambiguity, courts cannot read into statutes, by construction, provisions which are not clearly stated . . . ." (Internal quotation marks omitted.) *Carothers* v. *Capoz-*

---

[6] The defendants also claim, in essence, that the plaintiff should not be allowed to avail itself of General Statutes § 52-72 because the statutory right to appeal pursuant to General Statutes § 12-117a "is conditioned upon strict compliance with the provisions creating the right to appeal." Section 12-117a provides that tax appeals "shall be signed by the same authority and . . . *shall be returnable at the same time* and served and returned in the same manner as is required in case of a summons in a civil action." (Emphasis added.) The defendants contend that by failing to comply with General Statutes § 52-48, which requires a Tuesday return date, the plaintiff failed to comply strictly with § 12-117a. We reject the argument that § 52-72 does not apply to statutory appeals.

*ziello,* supra, 129; see also *State* v. *Johnson,* supra, 542; *Glastonbury Co.* v. *Gillies,* 209 Conn. 175, 179, 550 A.2d 8 (1988).

Section 52-72 was originally adopted in 1917. Public Acts 1917, c. 164. Although there is no legislative history available, it appears that the statute was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected. See, e.g., *Hoxie* v. *Payne,* 41 Conn. 539 (1874). Indeed, this court has stated that the purpose of § 52-72 "is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction." *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 478–79, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980). The apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date.

Section 52-72 does not contain a provision limiting its applicability to amendments that are sought before the passage of the correct return date. The defendants claim, however, that such a limitation is implicit in the words "a proper amendment" because there is no longer a case before the court once the return date has passed. Therefore, there is nothing to amend. We disagree with this strict construction. As a remedial statute, § 52-72 must " 'be liberally construed in favor of those whom the legislature intended to benefit. *Hartford Fire Ins. Co.* v. *Brown,* 164 Conn. 497, 503, 325 A.2d 228 (1973).' *Hinchliffe* v. *American Motors Corporation,* [184 Conn. 607, 615 n.4, 440 A.2d 810 (1981)]." *Chrysler Corporation* v. *Maiocco,* 209 Conn. 579, 595–96, 552 A.2d 1207 (1989). Indeed, as Professor Edward L. Stephenson points out, statutes such as § 52-72 were intended to take the sharp edges off the common law: "Over-technical formal requirements have ever been a problem of the common law, leading

[the legislature] at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection." 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 35, p. 137.

Furthermore, " 'principles of statutory construction . . . require us to construe a statute in a manner that will not thwart its intended purpose or lead to absurd results.' *Turner* v. *Turner,* 219 Conn. 703, 712, 595 A.2d 297 (1991). 'We must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve. *Peck* v. *Jacquemin,* 196 Conn. 53, 63–64, 491 A.2d 1043 (1985).' Id., 713." *Scrapchansky* v. *Plainfield,* 226 Conn. 446, 453, 627 A.2d 1329 (1993); see also *State* v. *Johnson,* supra, 227 Conn. 542; *Fairfield Plumbing & Heating Supply Corp.* v. *Kosa,* 220 Conn. 643, 650–51, 600 A.2d 1 (1991). Section 52-72 requires the court to allow an amendment "upon sustaining a plea in abatement." At the time the statute was adopted, the Practice Book provided that pleas in abatement had to be filed "before the opening of the court on the day following the return day of the writ." Practice Book, 1908, Rules of the Superior Court § 12, p. 206; see also *Mitchell* v. *Smith,* 74 Conn. 125, 126, 49 A. 909 (1901). Because a plea in abatement could be filed until the close of court on the return date, the legislature must have contemplated that the sustaining of a plea in abatement, and consequently the amendment of a defective return date, could occur after the return date had passed. Indeed, in *Corden* v. *Zoning Board of Appeals,* 131 Conn. 654, 658, 41 A.2d 912 (1945), this court held that the plaintiffs' failure to provide a sufficient bond, which was a jurisdictional defect, could be corrected pursuant to § 52-72[7] even after an appeal and remand to the trial court.

[7] At the time, General Statutes § 52-72 was General Statutes (1930 Rev.) § 5486.

The defendants nevertheless claim that even if § 52-72 permits the amendment of process after the return date has passed, the statute applies only if a motion to amend or an opposing party's motion to dismiss is filed before the return date. We disagree, however, because such an interpretation would thwart the intended purpose of the statute. A defendant in a civil action need not appear in court until the second day following the return date. Practice Book § 66. A motion to dismiss, which has replaced the plea in abatement as the vehicle for challenging the court's jurisdiction; *Hartford National Bank & Trust Co.* v. *Tucker,* supra, 178 Conn. 477 n.2; need not be filed until thirty days after the defendant's appearance. Practice Book § 142. As a practical matter, a motion to dismiss is never brought before the return date has passed. Therefore, under the defendants' proposed construction of the statute, a defendant could avoid the operation of § 52-72 simply by failing to call the plaintiff's attention to the defective return date until after the return date. Only plaintiffs who discover their technical (and sometimes typographical) mistakes early and file motions to amend before the return date passes could benefit from the statute. We decline to adopt such a narrow interpretation of this remedial statute.

In sum, we reject the defendants' claim that an amendment to correct a defective return date is "proper" under § 52-72 only if it is sought before the return date has passed. We therefore reverse the judgment of the Appellate Court and remand the case to the trial court.[8] Furthermore, because the defendants

---

[8] Because of this disposition, we need not consider the broader question of whether, in the absence of General Statutes § 52-72, the use of a defective return date would deprive the court of subject matter jurisdiction. In *New Haven Loan Co.* v. *Affinito,* 122 Conn. 151, 154, 188 A. 75 (1936), this court held that the use of an improper return date did not affect the jurisdiction of a trial court hearing an appeal from an inferior tribunal. In addition, in *Brunswick* v. *Inland Wetlands Commission,* 222 Conn. 541, 551,

do not claim that the plaintiff's motion to amend was improper in any other respect or that it prejudiced them, and because we conclude that the language "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day" is mandatory rather than directory,[9] we direct the trial court on remand to grant the plaintiff's motion to amend.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to remand the case to the trial court with direction to grant the plaintiff's motion to amend and to proceed further with the plaintiff's complaint.

In this opinion the other justices concurred.

610 A.2d 1260 (1992), we held that an improperly executed writ or citation affects the personal jurisdiction, rather than the subject matter jurisdiction, of the trial court and therefore may be waived as a ground for dismissal.

[9] The defendants claim that the legislature's use of the word "shall" in General Statutes § 52-72 is directory rather than mandatory, giving the trial court discretion over whether to grant a motion to amend. We disagree.

" 'The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 68, 82 A.2d 345 (1951). If it is a matter of substance, the statutory provision is mandatory. *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444, 451, 190 A.2d 591 (1963). If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. *Winslow* v. *Zoning Board,* 143 Conn. 381, 388, 122 A.2d 789 (1956). . . .' *Fidelity Trust Co.* v. *BVD Associates,* [196 Conn. 270, 278, 492 A.2d 180 (1985)]." *Statewide Grievance Committee* v. *Rozbicki,* 219 Conn. 473, 480–81, 595 A.2d 819 (1991), cert. denied, 502 U.S. 1094, 112 S. Ct. 1170, 117 L. Ed. 2d 416 (1992).

As stated previously, the purpose of § 52-72 "is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction." *Hartford National Bank & Trust Co.* v. *Tucker,* supra, 178 Conn. 478–79. Because it pertains to jurisdiction, the statute relates to a matter of substance rather than mere convenience, and is therefore mandatory.