[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO DEFENDANT TOWN OF MONTVILLE MOTION TO DISMISS
By a complaint dated December 19, 1994, with a return date of January 12, 1995, plaintiff Patricia Howard ("Howard") brought suit against the Town of Montville ("Montville") and other named defendants, including the Mayor and Finance Director of Montville. In her complaint, Howard alleges harassment and wrongful discrimination on the part of the Town and named officials while she worked for the municipality.
On January 13, 1995, Montville filed a motion to dismiss. In its motion Montville asserts that the return date on the summons and complaint do not fall on the Tuesday as required by Connecticut General Statutes § 52-48(a). By such an error, Montville asserts that this court lacks jurisdiction. In addition, Montville also proffers that the Town was improperly served with process. More specifically, Montville asserts that its town solicitor was served and not its town clerk as CT Page 1272 required by statute. Thus, on this basis, Montville moves to dismiss for insufficiency of service of process.
In response, Howard asserts that a defect in the return is not a fatal defect that deprives the court of jurisdiction. Relying on Practice Book § 121(a), Howard also asserts that she properly served the Town of Montville through the town solicitor.
Both parties have submitted memorandum in support of their respective positions.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
"A motion to dismiss challenges the court's jurisdiction based on the grounds of insufficiency of service of process."Wise Investments v. Donadio, 8 CSCR 475 (April 6, 1993, Ballen, J.).
In her brief in opposition to Montville's motion to dismiss, Howard correctly points out that an error in the return date is not a fatal defect that deprives this court of jurisdiction. See Concept Associates, Ltd. v. Board of TaxReview, 229 Conn. 618 (1994).
Howard's service of process on the town solicitor, however, is a fatal defect which deprives this court of jurisdiction over the town. General Statutes § 52-57 states in part:
 Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state.
(b) Process in civil actions against the following-described CT Page 1273 classes of defendants shall be served as follows: (1) Against a town, upon its clerk, assistant clerk, manager or one of its selectmen. . . . (Emphasis added.)
In this case, Howard served the town solicitor. Since such officer is not one listed under the above quoted statute, service was insufficient as a matter of law.[1]
The defendant Town of Montville's motion to dismiss is granted.
Austin, J.