[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' WHETHER RETURN DAY CAN BE AMENDED INSUMMARY PROCESS ACTION
Defendant Edwin Dawson has filed a Motion to Dismiss this summary process action for the reason that the return day is set on a holiday; namely, Good Friday, April 14, 1995, which is by statute an impermissible return day. General Statutes § 52-48(a) states in pertinent part the following:
 [t]he return day in any summary process action may be any week day, Monday through Saturday, except a holiday.
Claiming that the impermissible return day is not amendable: the defendant asserts that this return day creates a jurisdictional defect requiring dismissal of this action.
However, this court finds precedent which permits the plaintiff to amend its return day. A similar claim of jurisdictional defect was made in Concept Associates,Ltd. v. Board of Tax Review, 229 Conn. 618 (1994). In that case the defendant sought dismissal because the plaintiff specified an incorrect day as the return day, and argued that General Statutes § 52-72 could not rescue the matter from dismissal.[1] After reviewing the claims before it, the Supreme Court found that General Statutes § 52-72(a) is mandatory in its imposition of the responsibility of the court to grant the amendment.
Accordingly, inasmuch as the court recalls that the plaintiff stated its interest in filing a motion to amend the return day, the court hereby denies the plaintiff's CT Page 5027 Motion to Dismiss.
Clarance J. Jones, Judge