[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff herein brings what is purportedly called an appeal from probate. By motion entitled Motion for Appeal From Probate, the plaintiff seeks the removal of the fiduciary and such other relief as is stated therein. To date, Reasons of Appeal have not been filed pursuant to section 194 Connecticut Practice Book. While not addressing the lack of such Practice Book filing, the court has entertained several motions out of deference to the pro se plaintiff, including:
1. Motion to Remove Fiduciary for Cause;
2. Motion for Custody;
3. Objection to Dismiss Appeal from Probate;
4. Motion for Amendment; and
5. Motion for Damages.
In his Motion to Remove Fiduciary for Cause, the plaintiff sets forth several reasons as to why the fiduciary should be removed, ranging from gross mismanagement and misconduct, through and including an allegation that removal is in the best interest of the estate. In his Motion for Custody, he seeks control of the decedent's body for purposes of post-mortem examination. In his Motion for Amendment, he looks to cure procedural defects by changing the return date and to cure his late return. In his Motion for Damages, plaintiff seeks treble damages alleging that defendant's defense of the purported appeal is without probable cause, vexatious and intended to annoy, harass and otherwise damage him.
In response to the above, the defendant filed a Motion to Dismiss claiming in part that to allow the plaintiff to cure his procedural defects and continue with the above scenaric exposes the estate to extreme prejudice. The defendant argues that the appeal is totally arbitrary and capricious and, if allowed to continue, will cause continuing waste of the estate assets, to the detriment CT Page 4833 of the beneficiaries of which the plaintiff is one. In support of her argument of extreme prejudice, defendant reminds the court that this is plaintiff's second appeal to this court from three prior decisions of the probate court denying plaintiff's Motion to Remove the Fiduciary.
In this second attempt at appeal, the court has heard the plaintiff at lengthy argument on all of his motions; has denied the Motion to Remove Fiduciary for Cause, as well as the Motion for Custody, and, in so doing, has therefore ruled on what the plaintiff has stated to be his reasons for appeal.
The court finds that to permit this case to continue is in fact detrimental, not only to the estate but to the plaintiff as well. Furthermore, the final accounting and distribution would have taken place in January of this year but for these proceedings.
The court therefore agrees with defendant that to permit the amendments sought by plaintiff would be highly prejudicial. The court need not permit otherwise allowable amendments where such prejudice is clearly found. Concept Associates, Ltd. v. Board ofTax Review, 229 Conn. 618 (1994).
Accordingly, the plaintiff's objection to Dismiss and Motion for Amendment are denied and defendant's Motion to Dismiss is granted. The plaintiff's Motion for Damages need not be addressed.
Comerford, J.