[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FACTS
This is an action for personal injuries brought by the plaintiff, Livia Farinella, against the defendants, Siemen's Corporation (Siemen's) and The William W. Backus Hospital (Backus). The plaintiff commenced the action by complaint filed on January 24, 1995, which she subsequently amended on March 31, 1995. The complaint alleges that the plaintiff was on the premises of Backus having a mammography performed and that the mammography chair in which she was sitting collapsed without warning when a support stem snapped, causing the plaintiff to crash violently upon the floor and injuring her shoulder and arm. The first count of the complaint asserts a products liability claim against Siemen's as the distributor, marketer or seller of the chair, and the second count asserts a claim against Backus for negligence. CT Page 5261-PPPPPP
On April 18, 1995, Siemen's filed a motion requesting permission to implead Kenex Electro-Medical, LTD. (Kenex) as a third-party defendant, which was granted by the court, Hendel,J., on May 8, 1995. Backus filed an answer to the plaintiff's complaint on May 22, 1995. On May 24, 1995, Siemen's again moved for permission to implead a third-party defendant, this time McMahon Medical, Inc. (McMahon), which was granted by the court,Hurley, J., on June 16, 1995. Siemen's filed its third-party complaints against Kenex on July 17, 1995, and against McMahon on August 11, 1995.
Kenex filed an appearance on September 27, 1996, and subsequently filed the present motion to dismiss Siemen's third-party complaint on October 19, 1996. Siemen's filed an objection on February 6, 1996. Pursuant to Practice Book § 143, each party has submitted an appropriate memorandum of law in support of their respective position. On May 17, 1996, Kenex filed a supplemental memorandum in response to Siemen's objection.
DISCUSSION
A motion to dismiss attacks the court's jurisdiction to hear the present action: "the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 514, 590 A.2d 914 (1991). There are three separate elements of the jurisdiction of a court: jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render a particular judgment. Castrov. Viera, 207 Conn. 420, 433, 541 A.2d 1216 (1988). In ruling upon a motion to dismiss, "the complaint [is to be] construed most favorably to the plaintiff." American Laundry Machinery Inc.v. State, 190 Conn. 212, 217, 459 A.2d 1031 (1983). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. Where, however, . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations in the complaint." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). A defendant generally has up to thirty days from the time it files an appearance in which to file a motion to dismiss. Concept Associates v. Board of Tax Review, 229 Conn. 618,625, 642 A.2d 1186 (1994). Further, "every presumption is to be indulged in favor of jurisdiction." Gurliacci v. Mayer, supra, CT Page 5261-QQQQQQ218 Conn. 543.
Kenex, an English corporation with its principal offices in Essex, England, argues that this court lacks personal jurisdiction over it. Kenex maintains that it does not have sufficient "minimum contacts" with Connecticut to be required to defend the plaintiff's action here.
General Statutes § 33-411, Connecticut's long-arm statute, provides in pertinent part that:
 (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state or whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows . . . (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers . . .
(Emphasis added.).
"The question of whether personal jurisdiction exists over a foreign corporation depends on a two step analysis. . . . [The court's] first inquiry must be whether [the Connecticut] long-arm statute authorizes the exercise of jurisdiction under the particular facts of [the] case. Only if [the court] find[s] the statute to be applicable do we reach the question whether it would offend due process to assert jurisdiction." Hill v. W. R.Grace Co., 42 Conn. Sup. 25, 28, 598 A.2d 1107 (1991). "Due process permits the exercise of personal jurisdiction only when the nonresident defendant possesses sufficient `minimum contacts' with the forum state so that the assertion of personal jurisdiction over the defendant is consistent with traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) Bensmiller v. E.I. Dupont De Numours Co., 47 F.3d 79, 84 (2nd Cir. 1995). "[A]n essential criterion in all cases is whether the quality and nature of the defendant's activity is such that it is reasonable and fair to require him to conduct a defense in that State." Kulko v. Superior Court ofCT Page 5261-RRRRRRCalifornia, 436 U.S. 84, 90, 98 S.Ct. 1690, 56 L.Ed.2d 132
(1978). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws. . . . Such purposeful conduct provides a defendant with `fair warning' that his property may be subject the exercise of that forum state's power." (Emphasis in original; internal quotation marks omitted.) Id., 84-85.
Kenex, through the affidavit of Kenneth Hunt, managing director and co-holder of the shares of Kenex, avers that it: 1) Is a foreign corporation based in Essex, England 2) has no place of business or telephone listing in Connecticut; 3) has never sold hydraulic chairs/stools to customers in Connecticut; 4) sold and shipped products to only one customer in Connecticut from 1978 to 1980; 5) is not licensed to do business in Connecticut; 6) does not advertise in Connecticut or in publications that are circulated in Connecticut; 7) does not solicit business in Connecticut; 8) has no bank accounts or real estate in Connecticut; 9) does not employ any residents of Connecticut; 10) has no distributors in Connecticut; and 11) sells and ships products to California. (Defendant's Brief, Affidavit of Kenneth Hunt, ¶¶ 3-13). None of these averments are contradicted by any of the evidence or affidavits submitted by Siemen's.
Therefore, the evidence shows that Kenex has never sold a hydraulic chair in Connecticut, has not conducted business in this state for over sixteen years, and presently distributes its products only in California. If there were nothing more to be considered, it would be a violation of due process to require Kenex to defend a suit in Connecticut based its limited, distant and unrelated contacts with this state. See HelicopteroNacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 413-17,104 S.Ct. 1868, 80 L Ed.2d 404 (1983). In the present case, however, there is still the issue of whether Kenex knew or had reason to know that the hydraulic chairs it shipped to other places in the United States, such as California, might find their way through the stream of commerce into Connecticut. See World-WideVolkswagen Corp v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559,62 L.Ed.2d 490 (1980). If it did know or have reason to know, then it would not be unreasonable for it to expect to defend an action here, and, therefore, would not violate due process. Id.; see also Hill v. W. R. Grace Co., supra, 42 Conn. Sup. 32-33. This would also satisfy the requirement under General Statutes § CT Page 5261-SSSSSS 33-411 that the action "aris[e] . . .out of the distribution" of the Kenex's products in Connecticut. Hill v. W. R. Grace Co.,
supra, 42 Conn. Sup. 32-33.
Therefore, there are issues of fact that must be decided before Kenex's motion to dismiss can be conclusively decided. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial like hearing be held, in which an opportunity is provided to present witnesses and to cross-examine witnesses." Standard Tallow Corpv. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983).
CONCLUSION
Based on the foregoing, Kenex's motion to dismiss is denied.
Hurley, J.