[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 8, 1997
The defendant moves to dismiss this action for lack of subject matter jurisdiction and insufficiency of process on the grounds that the complaint was not made returnable within the two-month time period required by General Statutes § 52-48. The process is dated July 22, 1996, and the return date reads October 8, 1996, more than two months later. Service, however, was effectuated upon the defendant on July 24, 1996, and process was returned to the court on August 1, 1996. The plaintiff filed a motion to amend the return date under General Statutes §52-72.
In support of its motion to dismiss, the defendant argues that § 52-48 mandates that process be made returnable not later than two months after the date of the process and that a defective return date greater than two months from the date of the process constitutes a substantive defect that deprives the court of subject matter jurisdiction. This court disagrees with the defendant's claim.
General Statutes § 52-48 provides in pertinent part:"Return day of process . . . (b) All process shall be made returnable not later than two months after the date of the process . . ." General Statutes § 52-72, in turn, provides in relevant part: "Amendment of process. (a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective . . ."
In Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618, 642 A.2d 1186 (1994), the Supreme Court interpreted §52-72 in a broad, expansive opinion. See Galluzzo v. Board of TaxCT Page 4951Review, 44 Conn. Sup. 39, 40, 666 A.2d 841, 13 CONN. L. RPTR. 507 (1995). Affirming that "the legislature has the power to authorize, by statute, the amendment of defects in process that would otherwise deprive the court of jurisdiction," the court noted that "the statute was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected." ConceptAssociates, Ltd. v. Board of Tax Review, supra, 622-23; see alsoGalluzzo v. Board of Tax Review, supra. "[T]he purpose of §52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction . . . The apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date." (Citation omitted; internal quotation marks omitted.) ConceptAssociates, Ltd. v. Board of Tax Review, supra, 623.
The court in Concept Associates made clear that "[a]s a remedial statute, § 52-72 must be liberally construed," and cites Professor Edward L. Stephenson for the proposition that "statutes such as § 52-72 were intended to take the sharp edges off the common law . . ." (Internal quotation marks omitted.) Concept Associates, Ltd. v. Board of Tax Review, supra,229 Conn. 623. "Over-technical formal requirements have ever been a problem of the common law, leading [the legislature] . . . to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection." Id., 623-24, quoting 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 35, p. 137; see also Galluzzo v. Board of Tax Review,supra, 44 Conn. Sup. 40.
In the central ruling of the case, the court rejected the defendant's claim that "an amendment to correct a defective return date is `proper' under § 52-72 only if it is sought before the return date has passed." Concept Associates, Ltd. v.Board of Tax Review, supra, 229 Conn. 625. In so doing, the court declined to consider "the broader question of whether, in the absence of General Statutes § 52-72, the use of a defective return date would deprive the court of subject matter jurisdiction." Id., 625 n. 8. The Court then discussed two cases which have held that similar defects in process did not implicate the court's subject matter jurisdiction, New Haven Loan Co. v.Affinito, 122 Conn. 151, 154, 188 A. 75 (1936) (holding that the use of an improper return date does not affect the jurisdiction of a trial court hearing an appeal from an inferior tribunal); and Brunswick v. Inland Wetlands Commission, 222 Conn. 541, 551, CT Page 4952610 A.2d 1260 (1992) (holding that an improperly executed writ or citation affects the personal jurisdiction, rather than the subject matter jurisdiction of the trial court, and therefore may be waived as a ground for dismissal). Concept Associates, supra.
In light of the Supreme Court's broad and expansive language in Concept Associates, this court declines to dismiss this action based on the defective return date. First, the defective return date in the present action is subject to amendment by the plaintiff under § 52-72 and Concept Associates and therefore this action should not be dismissed on that ground. The defendant argues that Concept Associates is inapposite because that case involved amending a return day from a Thursday to a Tuesday, as required by § 52-48 (a), not amending a return date that is greater than two months from the date of the process, as required by § 52-48 (b). Such a narrow interpretation of ConceptAssociates would ignore the broad rule stated therein and the encompassing reasoning employed by the court. Throughout the case, the court discusses amending the return date in general, and nowhere does the court specifically limit its ruling to changing the return day to a Tuesday. In fact, the court discusses the need to construe § 52-72 liberally to effect its remedial purpose to "prevent the loss of jurisdiction merely because of a defective return date" and to "provide for amendment of otherwise incurable defects." See Concept Associates, Ltd. v.Board of Tax Review, supra, 229 Conn. 623. The court's ruling in Concept Associates, when read as a whole, is not limited to the extent the defendant suggests and allows amendment of the defective return date in the present case.
Second, the court's subject matter jurisdiction is not affected in the present case because return of process was timely. As indicated above, the Supreme Court in ConceptAssociates states that whether a defective return date deprives the court of subject matter jurisdiction is still an open question and even implies through the cases it cites that such a question would be answered in the negative. Concept AssociatesLtd. v. Board of Tax Review, supra, 229 Conn. 625 n. 8.
More specific to the present case, however, the court has subject matter jurisdiction because proper return of process was made to the court within the time specified by statute. General Statutes § 52-46a provides, in pertinent part, that process returnable to the Superior Court "shall be returned . . . to the clerk of such court at least six days before the return day." CT Page 4953Rana v. Ritacco, 236 Conn. 330, 339, 672 A.2d 946 (1996). "[T]he actual return of the writ to the court . . . puts the action before the court and empowers the court to proceed . . . [T]he court may not proceed with the action until the return of process is made to the court." (Citations omitted; internal quotation marks omitted.) Arpaia v. Corrone, 18 Conn. App. 539, 541,559 A.2d 719 (1989). In the present case, the process was dated July 22, 1996, service was made upon the defendant on July 24, 1996, and the process was returned to the court on August 1, 1996. Had the return date on the process been "not later than two months after the date of the process," as required by § 52-48, the return date would have had to fall on a Tuesday on or before September 22, 1996. Clearly, the August 1, 1996 date that the process was actually returned, fell well within that statutory deadlines imposed by §§ 52-48 and 52-46a. Accordingly, the court has jurisdiction over the subject matter of this action.
In light of the foregoing, the defendant's motion to dismiss (#101) is denied.
STODOLINK, J.