[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 10, 1997
The plaintiffs application for prejudgment remedy was served upon the defendants on December 5, 1996. This court, after full CT Page 3095 hearing, granted the plaintiff's application on February 24, 1997, in the amount of $17,000.
The plaintiff, in accordance with General Statutes 52-278j
served the writ summons and complaint upon the defendant MDS Consulting Services, Inc. on March 5, 1997, well within the thirty-day period provided by C.G.S. § 52-278j. The court file reflects that the process was returned to court on March 10, 1997.
The defendant moves to dismiss the action in that the then signed process did not contain a return day.
The plaintiff, in response thereto moves to amend the complaint to include a proper return day.
The procedures provided for in Chapter 7, General Statutes52-278a through 52-278n do not comport precisely with those procedures applicable for the commencement of an original action for obvious reasons, it being unknown when the PJR hearing and consequent PJR judgment by the court can be concluded. Further, unlike the commencement of other actions, the follow-up process must be served within thirty days of the granting of the prejudgment remedy, thereby reflecting a continuity of the action. Unlike non-PJR actions the parties will have already appeared in court, have joined issue, and, in the instant case, have produced evidence and engaged in significant cross examination. Further, as in the instant case, new appearances are not required for the defendant to respond to what is in substantive reality, though arguably not in procedural posture, a continuation of the litigation concerning the same dispute between the parties.
Historically a return day serves several functions. First it alerts the defendant as to the date upon which the defendant was required to personally attend court. Second it sets an outside limit beyond which the process becomes stale, thereby preventing process from being merely an ambivalent threat of future litigation. Third by virtue of the limitation or the time for actual physical return of the process, at least six days prior to the return day, C.G.S. 52-46a, the Clerk of the court is allowed sufficient time, prior to the return day, to compile and have prepared for the court an adequate file, to be addressed by the court on the return day. None of these considerations are present in the instant case. CT Page 3096
It may be that the total absence of a return date in an original non-PJR process may implicate subject matter jurisdiction. The court does not decide that hypothetical question. General Statutes 52-72 mandates that the court must allow an amendment to correct a process which has been made returnable to the wrong return day, with further provision that the defendant may attempt to show prejudice in Concept AssociatesLtd. v. Board of Tax Review, 229 Conn. 618, 625, 626 (1994). Such amendment may in fact take place even after the date for return has passed. Concept Associates, supra, P. 625.
The court determines, in the instant case, that the plaintiff has served the complaint within the thirty days after the granting of the prejudgment remedy as required by General Statutes 52-278j. The complaint was returned to court five days thereafter. The court file bears the same digital number as did the prejudgment court documents. The defendant, through the same attorney who represented the defendant at the prejudgment hearing makes these motions to dismiss without the necessity of filing a further appearance. No claim is made that the failure to have a return date on the process has prejudiced the defendant.
The court has subject matter jurisdiction if it has competence to entertain the action before it. Monroe v. Monroe,177 Conn. 173, 185 (1979). This action was properly commenced under the provisions of Chapter 903a of the General Statutes.
This court determines that the court, having obtained jurisdiction over the subject matter, and the complaint having been served within the thirty days required by General Statutes52-278j, and promptly returned to court, has not lost subject matter jurisdiction over this action. Hence the motion to dismiss the complaint and the motion to dismiss the prejudgment remedy are denied. The motion of the plaintiff to amend the summons and complaint to include a proper return day is granted. ConceptAssociates Ltd., supra, P. 626.
SULLIVAN, L., J.