[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO DISMISS NO. 104
The defendant's motion to dismiss counts one and two as to plaintiff Topsail Realty Company is without merit. Topsail became the owner of the property in 1993, and has continued as owner. Pursuant to Connecticut General Statutes § 12-117a, "[a]ny person . . . claiming to be CT Page 1178 aggrieved by the action of . . . the board of assessment appeals . . . may . . . make application, in the nature of an appeal therefrom . . . to the superior court . . ." The statute does not state the owner must be an applicant before the board of assessment appeals. Furthermore, § 12-119
permits an appeal by an "owner" who claims an assessment to be excessive. Therefore, the Motion to Dismiss as to Topsail is denied.
The plaintiff filed an Amended Application/Complaint as of Right dated December 11, 1997. In that application, the plaintiff corrected the name of the plaintiff, Gateway Enterprises, Inc., to Gateway Entertainment, Inc. Because oral argument on the Motion to Dismiss was heard on December 15, 1997, the court, in the interests of judicial economy, heard the parties with regard to the defendant's objection to the filing of this amended complaint dated December 12, 1997, as well as argument regarding the dismissal of the complaint as to Gateway Entertainment, Inc.
Connecticut General Statutes § 12-117a permits an applicant to "amend his application as to any matter therein" during the pendency of its appeal. The phrase "any matter therein" is broad. It includes this situation where the plaintiff, Gateway Entertainment, was the appellant before the board, but incorrectly described as Gateway Enterprises in the application to appeal to the court. It is conceivable that Gateway Enterprises, Inc. exists as a separate entity in the State of Connecticut, but there has been no evidence submitted to that effect or to indicate that that misnomer caused confusion. Furthermore, Connecticut General Statutes § 52-123 provides as follows:
 Sec. 52-123. . . . No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court.
In Andover Limited Partnership I v. Board of Tax Review,232 Conn. 392 (1995), the court stated: "Section 52-123
is a remedial statute and therefore it must `be liberally construed in favor of those whom the legislature intended to benefit.' Internal quotation marks omitted.) Concept Associates, Ltd. v. Board of TaxReview, 229 Conn. 618, 623, 642 A.2d 1186 (1994)." Id., 396. Based on the foregoing statutory provisions, the court finds that the defendant's claims do not merit the dismissal of the application on the ground of misnomer. CT Page 1179
As to the remainder of the defendant's arguments, they are best left for a later time when materials meeting the rules of admissibility are provided.
Therefore, the Motion to Dismiss as to Gateway is denied.
Leheny, J.