[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Before the court is the apportionment defendant's, Donahue, Votto Degennaro, P.C. ("Donahue"), motion to dismiss the complaint of the apportionment plaintiff, Engitek, Inc. ("Engitek"). Donahue argues that since the return date in Engitek's summons is a Sunday, rather than Tuesday, as required, the court lacks personal jurisdiction over the plaintiff. Engitek has filed an objection and also filed a motion for request for leave to amend the return date to a Tuesday.
The court grants Engitek's motion to amend and denies Donahue's motion to dismiss.
This case is controlled by the Supreme Court's decision inConcept Associates, Ltd. v. Board of Tax Review, 229 Conn. 618,642 A.2d 1186 (1994). In that case, the Court reversed the trial court's decision granting a motion to dismiss and held that, pursuant to § 52-72, the plaintiff was entitled to amend his return date from an improper date (Thursday) to the required Tuesday, even though the return date had already passed.
Engitek has described its improper return date (Sunday the 23rd, rather than Tuesday the 25th) as a clerical error and now seeks to correct that error by amending the summons pursuant to General Statutes § 52-72. Since Donahue's sole ground for the motion to dismiss is based on the improper return date, and it appears that Engitek's apportionment complaint is otherwise procedurally sound, Engitek may make use of § 52-72 and save the action from dismissal. See Concept Associates, Ltd. v. Board ofTax Review, supra, 229 Conn. 626.
FLYNN, J.