[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 ISSUE
This matter comes before this Court on the basis of the defendant's Motion to Dismiss (#101) dated June 2, 2000 and filed on June 5, 2000, followed by the plaintiff's Motion to Amend Civil Process (#103) dated June 5, 2000 and filed June 6, 2000, and the defendant's Objection to the Motion to Amend dated June 14, 2000 and filed June 16, 2000. The Writ, Summons and Complaint, which is the subject of these motions, was dated May 17, 2000, served the same day, and returned to Court on May 22, 2000, when it was filed and assigned a docket number. The total elapsed time from Complaint to Objection was just over four weeks. Plaintiff failed to insert a return date on the cover page of the mesne process, however, he did include it on the subsequent portions, including the Complaint and Statement of Amount in Demand. The question before the Court is whether or not that lapse is a defect which is curable by the plaintiff by a timely amendment, or will he be required to plead over? The parties have submitted Memoranda of Law in support of their respective positions. No oral argument was made, and the Court had taken the matter on the papers.
 LAW
The sole method of contesting the court's jurisdiction is by way of a motion to dismiss filed within thirty (30) days of a party's appearance. Section 10-30 et. seq. Connecticut Practice Book, Section 59,Stephenson's Connecticut Civil Procedure, 3rd Edition, pp. 192-93. The CT Page 8307 defendants' attorney argues that the lack of a return date on the writ and summons deprives the court of jurisdiction over the person of his clients, and, moreover, that this specific defect is without remedy. Rules of practice and pleading serve the very important functions of fair notice and of providing an orderly and predictable format within which to resolve legal disputes within the court system. They should not be applied with a draconian hand, but rather with fairness and common sense. Our rules of practice clearly provide that the plaintiff to an action "may amend any defect, mistake or informality in the writ, complaint . . . without costs, within the first thirty days after the return day. . . ." Section 10-59 Connecticut Practice Book (Emphasis added). In addition, Section 52-72 C.G.S. mandates that the court allow a proper amendment to civil process "which . . . Is for any reason
defective." (Emphasis added). The defendants have failed to allege that they have not had fair notice of the pendency of the action, or that they have been somehow prejudiced or harmed by this obviously clerical lapse. The return date appears on other portions of the pleadings (e.g., complaint and statement of amount in demand), and there has hardly been an undue delay in the plaintiff's efforts to rectify the oversight. Moreover, if the court finds the plaintiff's motion to be timely, and in proper form, the language of the statute is mandatory, and the court "shall allow" the amendment. Section 52-72 C.G.S.
There is a difference of opinion among those superior courts that have considered this issue, however, this court adopts the reasoning in Reganv. State, CV95-0379879S (Corradino, J., 1996) and Estate of Gartland v.Doucette, CV98-0167971S (D'Andrea, J., 1999). The Court distinguishes this case on the facts from the decision of the Connecticut Supreme Court in the case of Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618 (1994), in that here the plaintiff's Motion to Amend was filed prior to close of business on the return date.
The Court hereby finds that the plaintiff's Motion to Amend Civil Process was in proper form and timely filed, and that the defendants have had fair notice of the pendency of the action and have not been harmed or prejudiced by the failure to insert a return date on the face of the writ and summons.
 ORDER
IT IS HEREBY ORDERED:
Plaintiff's Motion to Amend Civil Process is hereby GRANTED. Defendants' Motion to Dismiss is hereby DENIED. Defendants' Objection to Amend Civil Process is OVERRULED. CT Page 8308
THE COURT
 By ___________________ Shay, J.