******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CONNECTICUT CENTER FOR ADVANCED
TECHNOLOGY, INC. *v.* BOLTON
WORKS, LLC
(AC 41225)

Keller, Elgo and Bishop, Js.

*Syllabus*

The plaintiff landlord sought, by way of summary process, to regain posses-
    sion of certain premises that it had leased to the defendant tenant. The
    plaintiff commenced the action by service of process, with the summons
    and complaint having a return date of October 26, 2017, and returned
    process to the court on October 24, 2017. The defendant subsequently
    filed a motion to dismiss for lack of jurisdiction, claiming that the
    plaintiff had failed to comply with the statute (§ 47a-23a) that requires
    that process in a summary process action be returned to court at least
    three days before the return date. In response, on November 15, 2017,
    the plaintiff served on the defendant and returned to the court an
    amended writ of summons and complaint with a new return date of
    November 24, 2017. The defendant moved to dismiss the amended com-
    plaint on the grounds that the plaintiff's original failure to return process
    at least three days before the return date had deprived the court of
    jurisdiction and that that defect in service could not be cured by amend-
    ing the return date. The trial court denied the motion to dismiss, conclud-
    ing that the plaintiff properly had amended the complaint and the return
    date to comply with § 47a-23a pursuant to the statute (§ 52-72) that
    allows for the proper amendment of civil process that, for any reason,
    is defective. The court thereafter rendered judgment of possession in
    favor of the plaintiff, from which the defendant appealed to this court.
    *Held* that the trial court properly denied the defendant's motion to
    dismiss the amended complaint; contrary to the defendant's claim, our
    Supreme Court has clarified that § 52-72 permits the amendment of civil
    process to correct an improper return date regardless of whether the
    correct return date has passed, as that statute contains no language
    limiting its applicability to amendments sought before the passage of
    the correct return date, and that summary process actions constitute
    civil actions that fall within the scope of § 52-72, and, accordingly, the
    plaintiff properly amended the return date so as to comply with the
    mandatory process requirements of § 47a-23a.

Argued March 5—officially released August 13, 2019

*Procedural History*

Summary process action brought to the Superior
Court in the judicial district of Hartford, Housing Ses-
sion, where the court, *Shah, J.*, denied the defendant's
motion to dismiss; thereafter, the matter was tried to
the court; judgment for the plaintiff, from which the
defendant appealed to this court. *Affirmed.*

*Joshua C. Shulman*, for the appellant (defendant).

*Natalie J. Real*, with whom was *Pat Labbadia III*,
for the appellee (plaintiff).

*Opinion*

BISHOP, J. The issue in this appeal is whether, pursuant to General Statutes § 52-72,[1] the return date of a summary process complaint can be amended to correct the plaintiff's failure to return the complaint at least three days before the return date as required by General Statutes § 47a-23a.[2] The defendant, Bolton Works, LLC, appeals from the judgment of possession rendered by the trial court in favor of the plaintiff, Connecticut Center for Advanced Technology, Inc. The defendant claims that the trial court improperly concluded that § 52-72 permits the amendment of the return date in the context of summary process actions and that the court therefore erred in denying its motion to dismiss the plaintiff's amended complaint for failure to comply with § 47a-23a. We disagree and, accordingly, affirm the judgment of the trial court.

The following procedural history is relevant to our resolution of the defendant's appeal. The plaintiff brought a summary process action against the defendant alleging termination of the lease by lapse of time. The writ of summons and complaint were dated October 17, 2017, with a return date of October 26, 2017. Following service on the defendant, the plaintiff returned the process on October 24, 2017—two days before the return date. The defendant subsequently filed a motion to dismiss on the ground that the process was not returned at least three days prior to the return date as required by § 47a-23a.

To satisfy the three day requirement of § 47a-23a, the plaintiff, on November 15, 2017, filed and served an amended writ of summons and complaint with a return date of November 24, 2017. In response, the defendant filed a motion to dismiss the plaintiff's amended complaint on December 4, 2017, arguing that the failure to return the complaint in a summary process action in compliance with § 47a-23a cannot be cured by amendment and, therefore, the plaintiff's action was still subject to dismissal. The court denied this motion on December 12, 2017, concluding that the plaintiff had properly amended its complaint and the return date pursuant to § 52-72 so as to comply with § 47a-23a. The court subsequently rendered judgment of possession in favor of the plaintiff on December 28, 2017. This appeal followed.

On appeal, the defendant claims that the trial court improperly concluded that § 52-72 permits the amendment of the return date in the context of summary process actions and that the court therefore erred in denying its motion to dismiss the plaintiff's amended complaint.

The standard of review for a court's ruling on a motion to dismiss pursuant to Practice Book § 10-31 (a) (1) is well settled. "A motion to dismiss tests, inter

alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Dorry* v. *Garden*, 313 Conn. 516, 521, 98 A.3d 55 (2014).

The defendant first contends that we are bound by this court's decision in *Arpaia* v. *Corrone*, 18 Conn. App. 539, 559 A.2d 719 (1989), which stated, in the context of a summary process action, that "[w]here return of service is not timely . . . the defect cannot be cured by amendment." (Internal quotation marks omitted.) Id., 540. We disagree.

In *Arpaia*, the defendants filed a motion to dismiss the plaintiffs' summary process action for failure to make timely return of process before the listed return date as required by § 47a-23a. Id., 539–40. The trial court denied the defendants' motion and subsequently rendered judgment of possession in favor of the plaintiffs. Id., 539. On appeal to this court, the defendants argued that the trial court had erred in denying their motion to dismiss the plaintiffs' action because the plaintiffs made return of process only two days prior to the return date, not three and, therefore, the action was subject to dismissal upon timely motion. Id., 539–40. Agreeing with the defendants, this court reversed the judgment of possession, concluding that, because the defendants had filed a timely motion to dismiss the plaintiffs' action, thereby choosing not to waive the defect in the process, the trial court was required to grant the motion. Id. In so concluding, this court noted that, when return of service is untimely made and the return date has already passed, the defect may not be amended. Id., 541. The court reasoned that, "once the date for return has passed there is nothing before the court which can be amended." (Internal quotation marks omitted.) Id.

Although the portion of *Arpaia* pertaining to the amendment of process directly supports the defendant's claim in the present case, we disagree that it is binding on this court. To the extent that this portion of *Arpaia* was part of the court's holding and not mere

dictum,[3] it was thereafter impliedly overruled by our Supreme Court in *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 642 A.2d 1186 (1994).

In *Concept Associates, Ltd.*, the plaintiff appealed a tax assessment of its property by the Board of Tax Review of the town of Guilford to the Superior Court, but the return date listed on the complaint fell on a Thursday, and not a Tuesday as required by General Statutes § 52-48. Id., 620. The defendants therefore filed a motion to dismiss the appeal, arguing that the defective return date deprived the trial court of jurisdiction. Id., 621. In response, the plaintiff filed a motion to amend the improper return date pursuant to § 52-72, which the court denied on the ground that the return date had already passed. Id. Consequently, the court granted the defendants' motion to dismiss the plaintiff's appeal. Id.

On appeal to this court, the plaintiff argued that § 52-72 is the proper vehicle by which a party may amend a defect of process. *Concept Associates, Ltd.* v. *Board of Tax Review*, 31 Conn. App. 793, 795, 627 A.2d 471 (1993), rev'd, 229 Conn. 618, 642 A.2d 1186 (1994). This court agreed with the defendants, however, that the plaintiff could not amend its civil process because the return date had already passed at the time the motion to amend had been filed in the trial court and, therefore, the court did not have jurisdiction to consider the matter. Id., 797. In so holding, this court relied on the decision in *Arpaia*, stating: "In *Arpaia* . . . this court held that when the return of service is not timely, it is a defect that cannot be cured by amendment. *The rationale for this proposition is that once the date for return has passed there is nothing before the court that can be amended. . . . The same rationale applies here.* The plaintiff's summons in this case failed to state a correct return date. Therefore, there was no proceeding before the trial court. The plaintiff's motion to amend the return day was filed after the date for return had passed. Thus, the plaintiff's motion attempted to amend an action that was not properly before the trial court and must fail. The trial court's dismissal of the action for lack of subject matter jurisdiction was proper." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 796–97. This court therefore affirmed the judgment of dismissal rendered by the trial court. Id., 797.

The plaintiff in that case then appealed to our Supreme Court, claiming that § 52-72 permits the amendment of process to correct an improper return date regardless of whether the correct return date has passed. *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 621. In response, the defendants argued that the plaintiff's amendment was "not a proper amendment" within the meaning of § 52-72 because the plaintiff did not seek to amend the return

date until after the correct return date had passed and that, therefore, there was nothing before the court that could be amended. (Internal quotation marks omitted.) Id., 622–23. Our Supreme Court disagreed with the defendants' strict construction, pointing out that § 52-72 has no provision limiting its applicability to amendments sought prior to the passage of the relevant return date. Id., 623. The court therefore rejected the narrow interpretation of the statute advanced by the defendants, explaining that, "[a]s a remedial statute, § 52-72 must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) Id. Accordingly, the court reversed this court's judgment. Id., 626.

Although our Supreme Court's decision in *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 618, did not explicitly overrule the portion of *Arpaia* prohibiting amendment of process to correct an improper return date after the return date has passed, that was the practical effect of its decision. It is clear from the procedural history of *Concept Associates, Ltd.*, that both the Appellate Court and the defendants had relied on *Arpaia* to support the trial court's dismissal of the plaintiff's action. By reversing the judgment of the Appellate Court and explicitly rejecting the defendants' argument that "there [was] no longer a case before the court once the return date ha[d] passed" and, therefore, "there [was] nothing to amend," the Supreme Court implicitly overruled *Arpaia*. Id., 623. Accordingly, we reject the defendant's argument that *Arpaia* is dispositive of the present appeal.

The defendant further argues, however, that § 52-72, which permits the amendment of *civil* process, is inapplicable in the present case because summary process actions are not ordinary civil actions. According to the defendant, a summary process action is a unique cause of action that is distinct from the types of cases that the legislature intended to classify as "civil actions." This issue requires little discussion, as the question of whether a summary process action is a civil action was recently answered by our Supreme Court in *Presidential Village, LLC* v. *Phillips*, 325 Conn. 394, 158 A.3d 772 (2017).

The question before the court in *Presidential Village, LLC*, was whether summary process actions constitute "other civil actions" within the meaning of General Statutes § 52-174 (b), which provides a medical treatment report exception to the rule against the admission of hearsay. Id., 414–16. In holding that summary process actions are "civil actions," the court explained: "Black's Law Dictionary defines 'civil action' in relevant part as, '[a]n action wherein an issue is presented for trial formed by averment of complaint and denials of answer or replication to new matter . . . .' Black's Law Dictionary (Rev. 4th Ed. 1968). *The statutory process by*

*which eviction occurs in Connecticut is consistent with this definition.* Specifically, if a tenant neglects or refuses to quit possession after having received a pretermination notice and a subsequent notice to quit; see General Statutes § 47a-23; 'any commissioner of the Superior Court may issue a writ, summons and complaint *which shall be in the form and nature of an ordinary writ, summons and complaint in a civil process . . . .'* " (Emphasis altered.) *Presidential Village, LLC* v. *Phillips*, supra, 325 Conn. 416; see also General Statutes § 47a-23a. The court further explained: "At this point, the tenant may file an answer to the complaint and may allege any special defenses, a process facilitated by a standard form provided by the Judicial Branch. See Summary Process (Eviction) Answer to Complaint, Judicial Branch Form JD-HM-5; see also Practice Book § 17-30 (rule of civil practice governing default judgment for failure to appear or plead in summary process matter). After the pleadings are closed, a trial is scheduled. See General Statutes § 47a-26d." *Presidential Village, LLC* v. *Phillips*, supra, 416.

In sum, summary process actions are civil actions, and, therefore, in the absence of explicit statutory language to the contrary, they fall within the scope of § 52-72. Accordingly, we conclude that the trial court properly denied the defendant's motion to dismiss the plaintiff's summary process action.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-72 provides in relevant part: "(a) Upon payment of taxable costs, any court shall allow a proper amendment to civil process which is for any reason defective.

"(b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form. . . ."

[2] General Statutes § 47a-23a (a) provides in relevant part: "[The] complaint [in a summary process action] . . . shall be returned to court at least three days before the return day."

[3] There is no indication in the text of the *Arpaia* decision that the plaintiffs had, in fact, sought to amend the return date in that matter.