REBECCA MERRILL *v.* NRT NEW
ENGLAND, INC., ET AL.
(AC 30972)

Bishop, Bear and Mihalakos, Js.

---

[18] See part I A of this opinion.

Argued November 15, 2010—officially released February 1, 2011

*John R. Lambert,* for the appellant (plaintiff).

*Thomas E. Crosby,* for the appellees (named defendant et al.).

BISHOP, J. The plaintiff, Rebecca Merrill, appeals from the judgment of the trial court dismissing her action against the defendants, NRT New England, LLC, doing business as Coldwell Banker Residential Brokerage; NRT New England, Inc., doing business as Coldwell Banker Residential Brokerage; Karen A. Godfrey and V. Holly Hoyt.[1] On appeal, the plaintiff claims that the court improperly determined that it lacked jurisdiction over her claims. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

The plaintiff's action stems from a real estate transaction in which she purchased a house that was allegedly misrepresented as a "corner lot." The plaintiff sought damages for breach of contract, breach of warranty, negligent and intentional misrepresentation and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. On or about June 30, 2008, the defendants were served with a summons and complaint dated June 29, 2008, bearing a return date of July 22, 2008. Prior to the return date, the defendants' counsel sent an appearance and a request to revise, both dated July 16, 2008, to the plaintiff's counsel. He also attempted to file an appearance for the defendants and a request to revise with the clerk's office, but the clerk's office returned those documents to him, presumably because the plaintiff had not yet returned the writ of summons and complaint to the court. On August 20, 2008, the plaintiff filed with the court the following documents: the summons dated June 29, 2008, with the July 22, 2008 return date crossed out and the date of August 26, 2008, written in; the complaint dated June 29, 2008, with the July 22, 2008 return date crossed out

---

[1] The plaintiff also named the former property owner, Marilyn Noyes, as a defendant. Noyes did not appear in this action in the trial court and is not a party to this appeal. Thus, we refer to the other defendants as such in this opinion.

and the date of August 26, 2008, written in; the marshal's return of service; an "amendment of process"; and a revised complaint dated August 12, 2008.[2] The plaintiff's counsel indicated that he changed the return date because the marshal did not return process to him until after the sixth day preceding July 22, 2008, making it impossible for counsel to file it with the court six days prior to the return date in accordance with General Statutes § 52-46a,[3] and that he did so as a matter of right pursuant to General Statutes § 52-72[4] and Practice Book § 10-59.[5] On September 8, 2008, the defendants' counsel filed with the court an appearance and a request to revise.

On October 24, 2008, the defendants filed a motion to dismiss the plaintiff's claims, alleging insufficient service of process and lack of personal jurisdiction. On January 30, 2009, the plaintiff objected to the defendants' motion, claiming that the defendants were properly served and that they had waived any claim for lack of personal jurisdiction because they filed their motion to dismiss beyond the thirty day period prescribed by our rules of practice. By memorandum of decision filed February 18, 2009, the court granted the defendants' motion to dismiss on the ground that it lacked jurisdiction because "there never was a return made for the

---

[2] The plaintiff claimed that she had mailed a copy of all of her court filings to defense counsel from whom she previously had received an appearance form.

[3] General Statutes § 52-46a provides in relevant part: "Process in civil actions returnable to the Supreme Court shall be returned to its clerk at least twenty days before the return day and, if returnable to the Superior Court . . . to the clerk of such court at least six days before the return day."

[4] General Statutes § 52-72 provides in relevant part: "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement . . . ."

[5] Practice Book § 10-59 provides in relevant part: "The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day. . . ."

June 29, 2008 summons and complaint." The plaintiff filed a motion to reargue, which was denied. This appeal followed.

On appeal, the plaintiff claims that the court improperly determined that it did not have jurisdiction to hear her claims. The plaintiff's claim in this regard is twofold. First, she claims that the court erroneously found that she never returned to the court the summons and complaint that she had served on the defendants. She also claims that the defendant's challenge to the court's jurisdiction was untimely. In response, the defendants maintain that the court lacked jurisdiction over them. They also claim that the service on them was not simply deficient but that they were never served with the documents filed with the court. Therefore, they claim, the court lacked subject matter jurisdiction over the plaintiff's claims. Because subject matter jurisdiction can be raised at any time, the defendants claim that the timing of their motion to dismiss is immaterial. For the reasons that follow, we disagree that the court lacks subject matter jurisdiction, and, to the extent that any defect in service may have implicated personal jurisdiction over the defendants, they waived any such claim by not timely filing a motion to dismiss.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks

omitted.) *Deutsche Bank National Trust Co.* v. *Bialobrzeski*, 123 Conn. App. 791, 795, 3 A.3d 183 (2010).

The defendants' jurisdictional argument regarding subject matter jurisdiction is premised on the trial court's finding that they were never served with the documents that the plaintiff filed with the court. We disagree. Although the return date on the documents filed with the court was altered by the plaintiff by crossing it off and writing in a new one, the summons and complaint filed with the court are otherwise, in all respects, the same as those served on the defendants. Thus, the defendants' contention and the trial court's conclusion that they were not served with the documents filed with the court is belied by the record.

At the outset of our analysis, we review the distinctions between personal and subject matter jurisdiction. "[J]urisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . A defect in process, however, such as an improperly executed writ, implicates personal jurisdiction, rather than subject matter jurisdiction. . . . [W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. . . . The jurisdiction that is found lacking, however, is jurisdiction over the person, not the subject matter. . . .

"[A]lthough we acknowledge that mandatory language may be an indication that the legislature intended a time requirement to be jurisdictional, such language alone does not overcome the strong presumption of jurisdiction, nor does such language alone prove strong

legislative intent to create a jurisdictional bar. . . . [A] conclusion that a time limit is subject matter jurisdictional has very serious and final consequences. It means that, except in very rare circumstances . . . a subject matter jurisdictional defect may not be waived . . . may be raised at any time, even on appeal . . . and that subject matter jurisdiction, if lacking, may not be conferred by the parties, explicitly or implicitly. . . . A challenge to a court's personal jurisdiction, however, is waived if not raised by a motion to dismiss within thirty days of the filing of an appearance. *Pitchell* v. *Hartford*, 247 Conn. 422, 433, 722 A.2d 797 (1999) ([t]he rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days [after the filing of an appearance] . . .); see also Practice Book § 10-32 ([a]ny claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss). Therefore, we have stated many times that there is a presumption in favor of subject matter jurisdiction, and we require a strong showing of legislative intent that such a time limit is jurisdictional." (Citations omitted; internal quotation marks omitted.) *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 31–32, 848 A.2d 418 (2004).

As noted, § 52-46a establishes the requirement to return process in civil actions to the clerk of the Superior Court at least six days before the return date. Our Supreme Court has held that the failure to comply with the mandate of § 52-46a "renders the proceeding voidable, rather than void, and subject to [dismissal]." *Coppola* v. *Coppola*, 243 Conn. 657, 662, 707 A.2d 281 (1998). General Statutes § 52-72 (a) provides in relevant part that "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective

. . . ." In *Coppola*, the plaintiff properly served the defendant, but returned the process to the court on the return date instead of six days prior to the return date as required by § 52-46a. *Coppola* v. *Coppola*, supra, 660. The plaintiff argued that "the term 'defective' as used in § 52-72 encompasses a failure to return the process at least six days prior to the return date, thus rendering the return date amendable pursuant to the statute." Id., 664. In response, the defendant contended that the return date was not defective but that the plaintiff was late in returning the process to court and that that deficiency was a flaw that § 52-72 was not intended to address. Id. The *Coppola* court acknowledged that § 52-72 is "a remedial statute that must be liberally construed in favor of those whom the legislature intended to benefit." Id. Relying on its earlier holding in *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 642 A.2d 1186 (1994),[6] the court concluded: "The construction of the term 'defective' to permit an amendment of the return date to correct the plaintiff's failure to return process six days prior to the return day effectuates the statute's remedial purpose and statutory policy of amend[ing] . . . otherwise incurable defects that go to the court's jurisdiction." *Coppola* v. *Coppola*, supra, 665. The court further noted: "The plaintiff's motion to amend would not deprive the defendant of any substantive rights and would simply correct the return date so that the return of process met the statutory six day period required by § 52-46a. It is undisputed that the defendant received actual notice of the cause of action within the statutory time frame, suffered no prejudice as a result of the late return of process, and already had filed an appearance and had served the plaintiff with interrogatories. We [refuse] to permit the recurrence of the inequities inherent in eighteenth century

---

[6] In *Concept Associates, Ltd.*, the return date on the plaintiff's summons was a Thursday instead of a Tuesday, in violation of General Statutes § 52-48. *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 620.

common law that denied a plaintiff's cause of action if the pleadings were technically imperfect." (Internal quotation marks omitted.) Id., 666.[7]

The facts and reasoning of *Coppola* are instructive to the issue we face. Here, the plaintiff, without leave of the court, amended the return date in an effort to conform to § 52-46a. In doing so, as in *Coppola*, the plaintiff did not deprive the court of subject matter jurisdiction; rather, she filed an action subject to dismissal for want of personal jurisdiction. The plaintiff's amendment of the return date, although unartful, did not deprive the defendants of any substantive rights, nor did the defendants suffer any prejudice as they had already filed an appearance and a request to revise. In sum, because the procedural facts do not present a failure of service but, rather, defective process, the court's subject matter jurisdiction was not implicated.[8]

The defendants' contention that the court lacked personal jurisdiction over them is also unavailing. Because

[7] In support of their position that the court lacked subject matter jurisdiction, the defendants in the present case rely on cases in which there was a lack of service; see *Bicio* v. *Brewer*, 92 Conn. App. 158, 884 A.2d 12 (2005); or cases in which the right to appeal was derived from statute, thus mandating strict compliance with the jurisdictional requirements of the statute; see *Tarnopol* v. *Connecticut Siting Council*, 212 Conn. 157, 561 A.2d 931 (1989), and *Basilicato* v. *Dept. of Public Utility Control*, 197 Conn. 320, 497 A.2d 48 (1985). The defendants' reliance on those cases, however, is misplaced because, here, the plaintiff's right to appeal was not constrained by statutory limitations requiring strict compliance, and, as noted, the defendants, in fact, were served.

[8] In granting the defendants' motion to dismiss, the trial court relied on two Superior Court cases, *Brague* v. *Nightingale*, Superior Court, judicial district of Litchfield, Docket No. CV-00-0087593-S (October 11, 2002), and *Szeligowski* v. *Lowe's Cos.*, Superior Court, judicial district of New Haven, Docket No. CV-06-5004607-S (January 23, 2007). In those cases, the courts did not allow an amendment of the return date because it was impossible to amend the return date and still comply with the two month limitation set by General Statutes § 52-48 (b). We are not faced with that issue in the case at hand.

the defendants did not file their motion to dismiss challenging the court's personal jurisdiction within thirty days after their counsel filed an appearance, they waived their opportunity to challenge the court's jurisdiction on the basis of defective service.[9] Therefore, the court improperly granted the defendants' motion to dismiss.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[9] Additionally, we note that the defendants filed a request to revise prior to filing their motion to dismiss in which they challenged the court's jurisdiction over them on the basis of insufficient service of process. Practice Book § 10-6 requires that such a motion to dismiss be filed prior to any request to revise the complaint.