*264 MEMORANDUM OF DECISION
GUERNSEY, C.J.
Based on an indisputably incorrect Return Date[1] the Defendant has moved to dismiss this Discriminatory Employment Practices action, on grounds that the Return Date as stated violated virtually every requirement for a Return Date.[2] The Court notes that the “Return Date” appears in only one place, on the summons form (GDC-3), and had “11/2/2010” been typed in this space instead of “7/2/2010”, MRCP § 7(c) would have been satisfied.[3]
As the Defendant’s brief has correctly noted, the Return Date establishes the deadline for further pleadings. Nevertheless, the Defendant was able to file in a timely manner the instant motion. Quite belatedly, the Plaintiff thereupon filed a Request for Leave to Amend the Summons and Return Date, thereby bringing order out of chaos by changing the Return Date to November 9, 2010. Defense counsel generously did not object to this amendment.
At the outset, it should be observed that the continuing authority of a number of decisions, to the effect that the subject matter jurisdiction of the Court is called into question in the case of an improper Return Date, is not at all clear.[4] As the Connecticut Appellate Court has recently noted:
At the outset of our analysis, we review the distinctions between personal and subject matter jurisdiction. [JJurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to wrhich the proceedings in question belong.... A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy ... A defect in process, however, such as an improperly executed writ, implicates personal jurisdiction, rather than subject matter jurisdiction. [W]hen a particular method of serving process is set forth by statute, that method must be followed ... Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction.... The jurisdiction that is found, lacking, however, is jurisdiction over the person, not the subject matter....
Merrill v. NRT New England, Inc., 126 Conn.App. 314, 319, 12 A.3d 575 (2011). The Connecticut Appellate Court went on to note the “presumption in favor of subject matter jurisdiction” in the absence of “a strong showing of legislative intent that such a time limit is jurisdictional”, Merrill at 320, 12 A.3d 575, and followed the lead of the Connecticut Supreme Court in interpreting the a failure to comply with the *265 mandate of Conn. Gen.Stat. § 52-46a[5] as “rendering] the proceeding voidable, rather than void, and subject to [dismissal].” Merrill, Id., quoting Coppola v. Coppola, 243 Conn. 657, 662, 707 A.2d 281 (1998).
Of significance to the issue before the Court is that the time provision that does implicate the jurisdiction of the Court, MTC § 4-28(a)[6] has not been raised and, so far as the pleadings at this stage reveal, not at issue. As for the time period that forms the basis of Defendant’s Motion to Dismiss, the computation of “Return Date” for process in the Mohegan Court System[7] expresses no legislative intent whatsoever. Rather, the same is a procedural rule adopted by the Chief Judge pursuant to MTC §§ 3-27 and 1-51 and, while it is sincerely to be hoped the same will be accorded some measure of respect, is certainly not the “strong showing of legislative intent” referred to by the Merrill Court.
In light of the foregoing, and the courteous decision of defense counsel not to object to the Plaintiffs Request for leave to amend, the Motion to Dismiss is denied.

. The Plaintiffs complaint was filed with the Clerk of the Gaming Disputes Trial Court on September 29, 2010; the Return Date was July 2, 2010.

. MRCP § 7(c) requires that the Return Date be "any Tuesday” (this one was a Friday) and "not more than 60 days after the date of the process” (this Return Date was nearly three months before the date of the process).

. This would have been a Tuesday and within 60 days after the date of process. See also la. 6, infra.

.Attached to the Defendant’s brief is a copy of Judge Robinson’s Superior Court decision in Gello v. Stevens, 2008 WL 5216273 (Conn.Super.2008), in which, after receiving permission from the Hon. Emmet Cosgrove (a former luminary of the Gaming Disputes Court) to amend process to change the return date, the Plaintiff still got it wrong. Judge Robinson concluded that the Court was deprived of subject matter jurisdiction.

. This is the general requirement for the commencement of a civil action. The time computations for a Return Day are set forth in Conn. Gen.Stat. § 52-48.

. Any action under the Mohegan Discriminatory Employment Practices Ordinance "shall be brought no later than ninety (90) days after the occurrence of the event out of which the complaint arises, or within ninety (90) days after the Applicant or Employee first knew or, though the exercise of reasonable diligence should have known, of the occurrence or event out of which such complaint arises.” MTC 4-28(a). Plaintiffs complaint alleges that the date of such occurrence was "on or about July 2, 2010” (this is probably the source of the Return Date error) and the complaint was filed with the Clerk of the Gaming Disputes Trial Court on September 29, 2010.

.Mohegan Rules of Civil Procedure use the term “Return Date”; Connecticut statutes refer to “Return Day”; see fn. 6.